IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JUDITH LYNN COMPOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08-0358-SSA-CV-W-WAK |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Claimant Judith Compos seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims she became disabled beginning on August 31, 2000. The parties' briefs were fully submitted, and on February 10, 2009, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Judith Compos was born in 1956 and has a high school education. She worked for fifteen years at a printing company, performing duties at different times as an inspector, proofreader and supervisor in the prepress room. She lost her job after arriving to work late and not following procedures. She was unable to find other employment.

2

At the time of the administrative hearing, she was divorced and one of her adult sons lived with her, helped her financially, and assisted with chores at the home. She reported limited daily activities due to pain in her hands and feet, anxiety and depression.

In January 2001, Compos broke the third finger of her left hand after closing a car door on it. Her fingernail became infected and had to be removed. In late September, she fell and fractured a bone in her left hand. In January 2004, she fell and dislocated the thumb on her right hand. The torn skin became infected and she ultimately had surgery in late January to stabilize the thumb joint and to close the open wound. In February, she had an infection in her right hand and pneumonia, and was hospitalized. With treatment, her condition improved, but she continued to have some decreased flexion and ongoing pain, so occupational therapy and scar massage was prescribed in October.

In late October 2004, she sought treatment for broken bones in her right foot. By January 2005, she reported depression, anxiety, insomnia, low back pain and right foot pain. An anti-depressant and a sleep aid were prescribed, and subsequently the dosages were increased. In March 2005, she was referred for physical therapy. In April 2007, she went to the emergency room for left-sided chest pain.

She did not obtain additional treatment for her depression and anxiety until November 2007, which she attributes to a lack of medical insurance. In her initial psycho-social assessment, she disclosed a history of physical, verbal and sexual abuse from her father and ex-husband. Her house had burned in August 2006, which added to her stress, and she had problems in her family. She was diagnosed with an adjustment disorder with depression and anxiety, and assigned GAF scores of 55-60 and 51.

She testified that she had difficulty using her right hand because of the screw in her right thumb, nerve damage, and pain. She said she drops things. At the time of the hearing, she was not on medication because she lacked medical insurance. Her son testified on her behalf and indicate he helped her in numerous ways, and had done so since 2002.

The Administrative Law Judge (ALJ) found plaintiff had medically determinable impairments of foot and hand pain particularly of the thumb, hypertension controlled with medication, and mild depression, but that they were not severe within the meaning of the Social

Security Act. He found claimant's allegations were not credible, and noted she did not take prescription pain medication, had not had significant treatment in recent years, and no underlying pathology was seen in the clinical findings. Further, her depression medication was low-dose and she had not obtained any major treatment. She was able to do laundry, fix meals, vacuum, follow directions, visit with friends and family and interact socially with others. Thus, he found she could do her past relevant work as a bindery supervisor, inspector, proofreader and operator.

Compos asserts the final decision is not supported by substantial evidence because the Appeals Council failed to properly consider material new evidence. The Appeals Council stated the new evidence did not relate to the period on or before the date of the ALJ's decision and thus, was not relevant.

While plaintiff states her depression was diagnosed in 2005, the records indicate she reported she was depressed, the physician believed it was due to situational stress, and he noted it should get better soon. Even Dr. Edmisten, in 2008, stated her problems were mainly situational, leading her to have anxiety and depression. Thus, the court cannot say the Appeals Council erred in finding the new evidence did not relate to the appropriate period. The new records simply do not show what plaintiff's condition was during the relevant time, and the contemporaneous records support the ALJ's decision.

Compos also claims the ALJ erred in not finding she had a severe impairment, in not further developing the record, and in not considering her son's testimony. Here, there is evidence plaintiff did not pursue medical care that may have been available to her, that she went for relatively long periods without medical or psychological treatment, and that her treating physicians did not place her on physical limitations. The ALJ considered the testimony and allegations, compared it with the medical records, and ultimately made credibility findings such that he did not feel further development of the record was necessary.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by

4

substantial evidence based upon the record as a whole.  Dixon v. Barnhart, 353 F.3d at 605; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

The issue is not whether plaintiff was experiencing pain, depression and other symptoms during the coverage period, but how severe it was and whether it was disabling.  Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).  Likewise, this court may not make a de novo determination, but must affirm the decision if there is substantial evidence on the record as a whole to support it.

Having carefully considered the transcript, briefs and oral arguments, the court finds there is substantial evidence on the record as a whole to support the Commissioner's decision. Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed. Dated this 10th day of March, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge